## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| MARYLAND PHYSICIAN'S EDGE, LLC, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. DKC-17-2756 |
| NANCY BEHRAM, M.D., | ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Before this Court are Defendant Nancy Behram's ("Defendant") request to prevent and enjoin Plaintiff Maryland Physician's Edge, LLC ("MPE") and Plaintiff Advantia Health LLC ("Advantia") (collectively "Plaintiffs") from designating multiple "corporate representatives." The Court has reviewed the submissions of counsel and the applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby **GRANTS** Defendant's request and enjoins Plaintiffs from designating key witnesses as "corporate representatives" at each other's depositions and furthermore instructs counsel to ensure that neither individual will have the opportunity to review or otherwise be informed of the testimony given by the other before said witnesses are deposed.

### I.      Procedural History

This case arises out of the July, 2017 termination of Defendant by MPE. Plaintiffs' allege that Defendant breached her employment obligations in violation of the parties' contractual restrictive covenants as well as misappropriated trade secrets, while Defendant's counter-claim alleges breach of contract and violation of the Maryland Wage Payment Collection

Law.  Central to the issue of whether Defendant's termination was lawful is whether MPE conducted a "sufficient investigation" into Defendant's conduct or reached a "good faith determination" that Defendant's alleged conduct breached the parties' contract.

On June 11, 2018, Defendant deposed Advantia and Sean Glass, with Mr. Glass testifying as Advantia's Fed. R. Civ. P. 30(b)(6) designee and in his individual capacity.  Mr. Glass testified that MPE's Chief Financial Officer Brent Westhoven and MPE's Practice Manager Tracey Moran were integral to the investigation regarding Defendant's alleged misconduct and her subsequent termination, resulting in both individuals being labeled as "key witnesses."  At the deposition, Mr. Westhoven attended and served as MPE's corporative representative, and Advantia's general counsel Tania Khan attended and served as Advantia's corporate representative.  In response to Defendant's request, counsel for Plaintiffs refused to confirm that Mr. Westhoven would continue to serve as MPE's representative in the future. Counsel for Defendant then objected and continues to object to Plaintiffs designating anyone other than Mr. Westhoven to serve as MPE's corporate representative.

Mr. Westhoven and Ms. Moran were scheduled to be deposed on June 12, 2018, at 9:30 a.m. and 2:30 p.m., respectively.  On June 12, 2018, prior to the start of Mr. Westhoven's deposition, Defendant confirmed that Plaintiffs intended to have Ms. Moran attend Mr. Westhoven's deposition as the "corporate representative" of MPE and then to have Mr. Westhoven serve as the corporate representative at Ms. Moran's deposition.  Upon conferring, the parties reached an impasse on this issue which led to them requesting an emergency telephone conference with the Court.

On June 12, 2018, the Court held a telephone conference with counsel regarding the matter. The Court subsequently instructed counsel to make brief submissions with authorities in support. The Court did not require said submissions to be filed.

## II. Analysis

"It is now well recognized that sequestering witnesses is . . . 'one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice.'" *Opus 3 Ltd. v. Heritage Park, Inc.*, 91 F.3d 625, 628 (4th Cir. 1996). This well-articulated statement becomes incredibly prevalent in situations such as the one at hand in which the interests of justice must be weighed against the technical compliance with the Federal Rules of Civil Procedure. On the one hand, Plaintiffs seek to have knowledgeable people attend depositions as its "corporate representatives"; on the other hand, Defendant is concerned that the "corporate representatives," who also happen to be key witnesses to the claims asserted, are being designated as such for purely tactical purposes. The core issues in this case will be driven by the evidence regarding the motives and intentions of these three key witnesses. In an academic vacuum, there is nothing nefarious about a corporation designating more than one person to serve as its representative, persons who also may happen to be key witnesses. More troubling however, is when said designations amount to a litigation shell game as to which key witness may be sitting in the room for any given deposition.

### A. Defendant's reliance on Federal Rule of Evidence 615 is misplaced

Pursuant to Federal Rule of Evidence 615, Defendant moves to have the Court prevent and enjoin Plaintiffs from designating Ms. Moran and Mr. Westhoven as "corporate representatives" for each others depositions. Rule 615 states that "at a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. . . But this

rule does not authorize excluding an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Defendant argues that the exception set forth should not be applied in the situation at hand, as MPE had already designated Mr. Westhoven to serve as MPE's corporate representative on prior occasions. However, as Plaintiffs point out, the general consensus arising out of the 1993 Amendment to Fed. R. Civ. P. 30(c) is that a party seeking to exclude witnesses *from a deposition* must seek a protective order under Fed. R. Civ. P. 26(c)(5). Indeed, the 1993 Amendment states "[t]he revision provides that other witnesses are not automatically excluded from a deposition simply by the request of a party. Exclusion, however, can be ordered under Rule 26(c)(5) when appropriate."[1] Advisory Committee Notes on 1993 amendments to Fed. R. Civ. P 30(c). Case law and the Federal Rules support Plaintiffs' view that the rule of sequestration is strictly limited to the exclusion of witnesses from the courtroom, and is inapplicable to federal deposition practices. *See, i.e.*, *Stoyanov v. Mabus*, 126 F. Supp. 3d 531 (D. Md. 2015) ("The Fourth Circuit has noted that Rule 615's 'plain language relates only to witnesses, and it served *only* to exclude witnesses *from the courtroom*.'") (citing to *United States v. Rhynes*, 218 F. 3d 310, 316 (4th Cir. 2000)). Defendant's request on the basis of Rule 615 is without support. However, unlike *Stoyanov* or Rule 615, Defendant's request is not a "broad blanket" request for sequestration of witnesses. 126 F. Supp. 3d at 552. Instead, it is a specific request for the Court to limit the shuffling of "corporate representatives" that Plaintiffs are attempting to designate.

---

[1] The language of Fed. R. Civ. P. 26(c)(5) was reorganized in 2008 into the language currently presented at Rule 26(c). Specifically, the language setting forth who may be present while discovery is conducted can now be found at Rule 26(c)(1)(E).

**B.**     ***Pursuant to Federal Rule of Civil Procedure 26(c) and Appendix A, Rule 6(h) of the Local Rules, the Court finds "good cause" to enjoin Plaintiffs from designating certain people to serve as corporate representatives***

Under Rule 26(c) of the Federal Rules of Civil Procedure, "the court may, *for good cause*, issue an order to protect a party or person from . . . oppression, or undue burden or expense, including . . . designating the persons who may be present while the discovery is conducted." Fed. R. Civ. P. 26(c)(1)(E) (emphasis added). However, "protective orders pursuant to Rule 26(c) should be sparingly used and cautiously granted." *Gioioso v. Thoroughgood's Transport LLC*, Civ. Ac. No. ADC-16-3841, 2017 WL 3726028, at *1 (D. Md. Aug. 28, 2017) (citation omitted). "The proponent [seeking the protective order] may not rely on stereotyped or conclusory statements . . . but must present a particular and specific demonstration of fact as to why a protective order should issue." *Fish v. Air & Liquid Systems Corp.*, Civ. No. GLR-16-496, 2017 WL 697663, at *2 (D. Md. Feb. 21, 2017) (citation omitted). When viewed in conjunction with Fed. R. Civ. P. 30, one is left with the impression that in the absence of a court order, any witness can attend the deposition of any other witness. With a somewhat different stroke of the pen, our Local Rules limit those who can be present at depositions to "individual parties, a representative of non-individual parties, and expert witnesses of parties," and of course counsel. Local Rules App'x A, at 6(h). Therefore, to the extent that a party seeks to have someone else attend the deposition, said party is required to obtain permission from all parties, and if not successful, then move for permission by the Court.

On its face, the apparent designations by Plaintiffs here comply with Fed. R. Civ. P. 30. Accordingly, Plaintiffs argue that Defendant has "failed to make its required good cause showing," relying on Fed. R. Civ. P. 26(c) and caselaw from district courts within the Fourth Circuit. Pls.' Submission, p. 3. However, Plaintiffs' election to change representatives here

unnecessarily infects the pursuit of truth; if Plantiffs had elected to use the same representative throughout the discovery process, Defendant's cry of foul would be silenced. The same would be true if said representatives were not intricately intertwined in this case as key witnesses. It is this combination of factors that renders the mixture toxic. Indeed, the Court may find a showing of "good cause" "upon a specific showing that some harm or prejudice might occur to a party or the deponent through the disclosure of secret or sensitive information learned by virtue of their attendance." *Bell ex rel. Estate of Bell v. Board of Educ. of County of Fayette*, 225 F.R.D. 186, 196 (S.D. W.V. 2004). The Court does not suggest that a corporation is required to have a single person serve as its designee for all purposes for the duration of any litigation. Instead, on these facts, Plaintiffs will not be allowed to shuffle fact witnesses in a fashion that frustrates the truth seeking process.

On this record, Defendant has proffered that the three key fact witnesses to this case are Mr. Glass, Mr. Westhoven, and Ms. Moran. This proffer is based upon the testimony from Mr. Glass to the effect that Mr. Westhoven and Ms. Moran were integral participants of the investigation of the conduct and subsequent termination of Defendant. It has been represented that Mr. Glass, Mr. Westhoven, and Ms. Moran were the decision makers in this action sounding in theft of trade secrets and breaches of contract. Thus far, Mr. Westhoven has served as the corporate representative for the key deposition of Mr. Glass. Accordingly, there is far less concern about any modulation of the testimony already offered by Mr. Glass, as compared to the potential of such by Mr. Westhoven and/or Ms. Moran.

Particularly troubling is the representation in Defendant's submission wherein Defendant's counsel offered to move forward with the scheduled depositions in reverse order, with Ms. Moran being deposed prior to Mr. Westhoven. The change would have resulted in Ms.

Moran being deposed first, with Mr. Westhoven serving as the corporate representative for a second time. Mr. Westhoven's deposition would then follow, with Ms. Moran serving as the corporate representative. Reportedly, this proposal was rejected by Plaintiffs, adding fuel to the contention that this trilogy of designations is really a strategic effort to educate Ms. Moran.

At the end of the day, Mr. Glass is free to serve as MPE's corporate representative for any depositions moving forward. Plaintiffs can likewise designate others to serve as corporate representatives, so long as they are not the yet to be deposed key witnesses, namely Mr. Westhoven or Ms. Moran. Given the factual underpinnings of the case, the Court will further instruct counsel to prohibit Mr. Westhoven and Ms. Moran from reviewing or being privy to each other's respective testimony until both have been examined under oath. Counsel shall make certain that prior to testifying, neither will have the opportunity to review or otherwise be informed of the testimony given in the earlier deposition.

## III. Conclusion

Under Fed. R. Civ. P. 26(d)(3), the Court has the authority to direct the sequence of discovery "in the interests of justice." Here, the remaining key fact witnesses are to be deposed in advance of any further opportunities for them to participate as corporate representatives. This decision is not intended to disqualify the key fact witnesses from serving as corporate representatives in subsequent proceedings. To the extent this Court's sequencing is viewed under the rubric of a Fed. R. Civ. P. 26(c) request for a protective order, the Court finds "good cause" exists in this unique factual setting. The Court in convinced that Defendant's need for untainted testimony outweighs Plaintiffs' need for guidance and/or assistance from fungible corporate representatives who are also key witnesses. Furthermore, under the Local Rules of this Court, no fact witness is automatically entitled to attend a deposition in the case. To do so when

the parties do not consent, requires Court approval.  Accordingly, the Court grants Defendant's request in preventing and enjoining Plaintiffs from designating Mr. Westhoven and Ms. Moran as corporate representatives for each other's depositions, as well as providing specific instruction for counsel to ensure that neither individual will have the opportunity to review or otherwise be informed of the testimony given by the other until the depositions of Mr. Westhoven and Ms. Moran are completed.

June 22, 2018                                                                  /s/
                                                          Charles B. Day
                                                          United States Magistrate Judge

CBD/gbc